# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10052
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2024

Lyle W. Cayce
Clerk

Amber Mitchell,

*Plaintiff—Appellant*,

*versus*

Sorenson Communication,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-185

———————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Amber Mitchell appeals the district court's dismissal of her employment discrimination and unlawful retaliation claims against Sorenson Communication. Finding no error, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10052

## I.

Amber Mitchell is a white woman married to a black man. She began working for Sorenson Communication ("Sorenson") in February 2005.

Mitchell's complaint alleges several conflicts during her tenure at Sorenson that underlie her claims before us. First, Mitchell contends that in April 2019, she was asked by her supervisor to hire a candidate whom Mitchell believed was unqualified for the position. Instead of hiring the candidate, Michell sought guidance from "upper management." Next, Mitchell alleges that she was asked to support an employee's termination after that employee requested accommodation under the Americans with Disabilities Act. Michell further claims that she complained to an unidentified source that her supervisor was "highly derogatory and aggressive" toward her and "employees of color." Mitchell also alleges that she "expressed her concern about retaliation" for speaking out against the mistreatment. Then, Mitchell alleges that she was required to have weekly meetings with her supervisor because "it was decided that she was not adequately trained for her position." Mitchell maintains that these meetings created a hostile work environment.

In 2020, Mitchell was permitted to work from home because of the pandemic. Once she began working from home, she was no longer required to have weekly meetings with her supervisor. After returning to the office in August 2020, she was placed on a Corrective Action Plan because she failed to perform certain job responsibilities assigned to her when her co-worker was on leave. In February 2021, Sorenson terminated her employment.

Mitchell filed the instant lawsuit against Sorenson in January 2023. Her complaint asserts claims for unlawful discrimination and retaliation in violation of 42 U.S.C. § 1981. Mitchell then amended her complaint in April 2023. Sorenson filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)

2

and argued that Mitchell's amended complaint failed to plead sufficient facts to support a plausible inference that she was terminated for her interracial relationship or in retaliation for some identified protected activity.

The district court referred Sorenson's motion to the magistrate judge. The magistrate judge issued Findings, Conclusions, and a Recommendation ("FCR") that thoroughly analyzed Mitchell's claims and ultimately recommended that the claims be dismissed with prejudice. The FCR also contained notice that failure to object to the FCR would bar the aggrieved party from appealing the FCR (if it were accepted by the district court) except upon grounds of plain error. Neither party objected to the FCR. The district court then adopted the FCR in its entirety and dismissed Mitchell's complaint. Mitchell timely appealed.

## II.

Usually, we review the dismissal of a complaint under Rule 12(b)(6) *de novo*. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393 (5th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But when, as here, "a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court" despite being "served with notice of the consequences of failing to object," we only review for plain error. *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n. 2 (5th Cir. 2013) (internal citation omitted).

## III.

The magistrate judge recommended granting Sorenson's motion to dismiss because Mitchell failed to plausibly allege a causal link between her alleged complaints and her subsequent termination. Mitchell did not object to this recommendation, which the district court adopted in its entirety. Accordingly, the most Mitchell could argue on appeal is that the district court committed plain error in adopting this conclusion. *Douglass v. United Servs.*

No. 24-10052

*Auto. Ass'n*, 79 F.3d 1415, 1422–23 (5th Cir. 1996) (en banc), *superseded on other grounds*, 28 U.S.C. § 636(b)(1).  But Mitchell does not raise the possibility of plain error.  Indeed, nowhere in her briefing does she suggest that the district court committed plain error.  Thus, her argument for appellate relief is forfeited in its entirety.  *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 708 n.9 (5th Cir. 2020) ("An argument not briefed on appeal is waived.").

Accordingly, the judgment dismissing Mitchell's complaint is, in all respects,

AFFIRMED.